Alan A. Meda (#009213)
**BURCH & CRACCHIOLO, P.A.**
1850 N. Central Ave., Suite 1700
Phoenix, AZ 85004
Tel: 602.274.7611
ameda@bcattorneys.com

*Attorneys for Defendant*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>PAUL OLIVA PARADIS,<br><br>Debtor. | Chapter 7<br><br>Case No.: 2:20-bk-06724-PS |
| CITY OF LOS ANGELES,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL OLIVA PARADIS,<br><br>Defendant. | **Adversary No.: 2:21-ap-00171-PS**<br><br>**REQUEST FOR JUDICIAL NOTICE** |

Defendant Paul Oliva Paradis ("Paradis"), by and through counsel, hereby files a Request for Judicial Notice ("RJN"). The RJN is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence as the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Evidence 201, Paul Oliva Paradis hereby respectfully requests that this Court consider and take judicial notice of the six exhibits attached hereto to decide Paradis' Motion to Dismiss (the "Motion"), which was filed on December 7, 2021:

(i) Exhibit A hereto is a February 1, 2009 ***Industrial, Economic and Administrative Survey of the Department of Water and Power,*** prepared for and provided to the Los Angeles City Council, Mayor, Controller and the Board of Water & Power Commissioners by the PA Consulting Group on or about February 3, 2009;

(ii) Exhibit B hereto is a PowerPoint Presentation entitled***, Customer Information System Implementation – Why the New System Had Problems . . . and What We're Doing About It,*** prepared for and provided to the Energy & Environmental Committee of the Los Angeles City Council by LAWDP Executive Management, on or about December 3, 2014;

(iii) Exhibit C hereto is a July 1, 2015, report entitled, ***Learning from the Department of Water & Power's Billing System Challenges,*** authored by the Office of Public Accountability / Ratepayer Advocate of the City of Los Angeles, that was simultaneously published and provided to the Los Angeles City Council, Mayor Garcetti, the Board of Commissioners of the LADWP and the General Manager of the LADWP on July 1, 2015;

(iv) Exhibit D hereto is a December 8, 2015 ***Industrial, Economic and Administrative Survey of the Department of Water and Power,*** prepared for and provided to the Los Angeles City Council, Mayor, Controller and the Board of Water & Power Commissioners by Navigant Consulting, Inc. on or about December 8, 2015;

(v) Exhibit E hereto is a March 28, 2017 Los Angeles City Controller's Report on the "***Audit of the Department of Water and Power's Training Programs***"; and

(vi) Exhibit F hereto is a hyperlink for the video of the September 14, 2021 public meeting of the Los Angeles Department of Water and Power Board of Commissioners, which includes statements made by the City, by and through the LADWP Board President, Cynthia McClain-Hill, concerning the City's lack of critical IT capabilities and necessary IT resources.

## ARGUMENT

On a motion to dismiss, courts may consider materials outside the pleadings if such materials are judicially noticed pursuant to Federal Rule of Evidence 201 ("Rule 201"). *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). *See also Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007) (explaining that a court need not "blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts set forth in (1) exhibits to the nonmoving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed").

The doctrine of judicial notice permits a court to take as true "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added). Judicial notice extends to facts considered on a motion to dismiss. *See, e.g., Reed v. Fed. Nat'l Mortg. Ass'n*, No. 13-cv-940-VAP, 2014 WL 12638880, at *2, *4 (C.D. Cal. Jan. 23, 2014). "A trial court may presume that public records are authentic and trustworthy." *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999). Accordingly, courts have taken judicial notice of information "made publicly available by government entities," including on the Internet. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies.").

Here, the Court should take judicial notice of Exhibits A-F, because, as set forth herein, each Exhibit was made publicly available by certain government entities, including the City of Los Angeles. Furthermore, each Exhibit has been made part of a

governmental record. *See e.g., Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 498 F.3d 1031, 1039 n. 2 (9th Cir. 2007) (taking judicial notice of public report); *Indep. Living Ctr. of S. Cal. v. City of Los Angeles*, 205 F. Supp. 3d 1105, 1110 (C.D. Ca. 2016) (taking judicial notice of City council file. "Under Rule 201(b) of the Federal Rules of Evidence, the court may take judicial notice of matters of public record, including official records such as this one."); *Sims v. Kia Motors Am., Inc.*, No. 13-cv-1791, 2014 WL 12558249, at *2 (C.D. Cal. Mar. 31, 2014) (judicially noticing documents because they "are government records"); *Lifeway Foods, Inc. v. Millenium Prods., Inc.*, No. 16-cv-7099, 2016 WL 7336721, at *1 (C.D. Cal. Dec. 14, 2016) ("Publicly available government records are commonly subject to judicial notice."); *Greeson v. Imperial Irr. Dist.*, 59 F.2d 529, 531 (9th Cir. 1932) ("[T]he court is bound to take notice of public facts and . . . public documents . . . ."). Accordingly, the Court should take judicial notice of Exhibits A-F and consider such exhibits in deciding Paradis' Motion to Dismiss.

## CONCLUSION

Based on the foregoing, Paradis hereby respectfully requests that this Court take judicial notice of Exhibits A – F for consideration in connection with Paradis' pending Motion to Dismiss.

RESPECTFULLY SUBMITTED this 7th day of December 2021.

**BURCH & CRACCHIOLO, P.A.**

By /s/ Alan A. Meda (#009213)
Alan A. Meda
*Attorney for Defendant*

Served via ECF on CM/ECF
users this 7th day of December 2021,
which constitutes service pursuant
to L.R. Bankr. P. 9076-1:

 /s/ Tracy Dunham
Tracy Dunham