| | |
|---|---|
| Hydee Feldstein Soto (State Bar #106866)<br>City Attorney<br>hydee.feldsteinsoto@lacity.org<br>Kathleen A. Kenealy (State Bar #212289)<br>Chief Deputy City Attorney<br>kathleen.kenealy@lacity.org<br>**LOS ANGELES CITY ATTORNEY'S OFFICE**<br>221 N. Figueroa Street, Suite 1000<br>Los Angeles, California 90012<br>*Attorneys for Plaintiff City of Los Angeles* | Guy C. Nicholson (State Bar No. 106133)<br>gnicholson@egcfirm.com<br>**ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP**<br>2121 Avenue of the Stars, 30th Floor<br>Los Angeles, California 90067<br>Telephone: (310) 274-7100<br>Facsimile: (310) 275-5697<br>*Attorneys for Plaintiff City of Los Angeles* |

Michael A. Jones, State Bar #27311
**ALLEN, JONES & GILES, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: mjones@bkfirmaz.com
*Attorneys for Plaintiff City of Los Angeles*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>PAUL OLIVA PARADIS,<br><br>Debtor. | Chapter 7<br><br>Case No. 2:20-bk-06724-PS |
| CITY OF LOS ANGELES,<br><br>Plaintiff,<br><br>v.<br><br>PAUL OLIVA PARADIS,<br><br>Defendant/Debtor. | **Adv No. 2:21-ap-00171-PS**<br><br>**STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Fed. R. Civ. P. 56(c)(1) made applicable by Federal Rule of Bankruptcy Procedure 7056, the City of Los Angeles, including by and through its Department of Water and Power ("**City**"), respectfully submits this *Statement of Facts in Support of Motion for Partial Summary Judgment* ("**SOF**"). The City supports this SOF with the *Affidavit of Ann Santilli in Support of Motion for Partial Summary Judgment*

(the "**Santilli Affidavit**") attached hereto as **Exhibit A**.

## STATEMENT OF FACTS

I. **RELEVANT BACKGROUND**

    A. **Parties**

    1. The City is a municipal corporation that acts by and through its Department of Water and Power ("**LADWP**"). *See* Answer to Amended Complaint, ECF No. 98 ("**Answer**") ¶ 2 (admitted fact).

    2. Paul Paradis ("**Paradis**") is the Chapter 7 debtor in the above-captioned bankruptcy case no. 2:20-bk-06724-PS ("**Paradis Case**"), initiated on June 3, 2020. *See id.* ¶ 4 (admitted fact).

    3. Ardent Cyber Solutions, LLC f.k.a. Aventador Utility Solutions, LLC ("**Ardent**" or "**Aventador**") similarly filed for Chapter 7 bankruptcy on June 3, 2020, thereby initiating case no. 2:20-bk-06722-PS before this Court ("**Ardent Case**"). *See id.* ¶ 5 (admitted fact); *see also* Ardent Case ECF No. 1.

    4. At all times material to the events pertinent to this action, Paradis was the sole owner and managing member of Ardent Cyber Solutions, LLC f.k.a. Aventador Utility Solutions LLC's ("**Aventador**" or "**Ardent**"). *See* Ardent Bankruptcy Petition, ECF Nos. 1 and 17 at pp. 1, 21, and 22; Paradis' Bankruptcy Schedules, Paradis' Case EFC No. 1 at p. 20; Answer ¶ 49 (admitted fact).

    5. On October 22, 2020, the City filed its amended proof of claim in the Paradis Case thereby asserting a claim of "no less than $21,900,000" as an unsecured claim against Paradis' bankruptcy estate. *See* Proof of Claim No. 14 ("**City's POC**"), *Proof of Claim Attachment*.

    6. On November 19, 2021, Paradis executed the *Plea Agreement for Defendant Paul O. Paradis* ("**Paradis Plea**") where, among other things, Paradis admitted to admitted to criminal offenses of conspiracy, honest services fraud, and

{00395910 4}    -2-
Case 2:21-ap-00171-PS    Doc 150    Filed 04/06/23    Entered 04/06/23 14:53:30    Desc
Main Document    Page 2 of 16

bribery. A true and correct copy of the Paradis Plea is attached as **Exhibit B**.

7. In signing the Paradis Plea, Paradis had counsel and was advised of his constitutional rights. *See id.* at pp. 10, 18-19.

8. On November 29, 2021, the United States Attorney filed the Paradis Plea with the United States District Court for the Central District of California in the criminal proceeding known as *United States v. Paul O. Paradis*, Case No. 2:12-CR-00540-SB (the "**Criminal Proceeding**"). *See id.*

9. On January 28, 2022, Paradis attended a hearing before the Honorable Stanley Blumfeld, Jr., the District Court Judge presiding over the Criminal Proceeding, where, with the advice of counsel and having been sworn under oath subject to penalty of perjury, Paradis pled guilty to federal program bribery, and he attested to the accuracy and truth of the factual statements in the Paradis Plea. A true and correct copy of the hearing transcript is attached as **Exhibit C**, see at pp. 3-5, 15, 27-28.

10. Among other things, Judge Blumfeld found that the Paradis Plea was knowing and voluntary, found Paradis guilty, incorporated the Paradis Plea into the Court's record, and will conduct a hearing for sentencing Mr. Paradis, currently scheduled for June 27, 2023. *See id.* at pp. 27-28; a true and correct copy of the *Order Granting Stipulation to Continue Sentencing Hearing* is attached as **Exhibit D**.

11. On November 21, 2021, David Wright ("**Wright**"), the terminated General Manager of LADWP, executed the *Plea Agreement for Defendant David H. Wright* ("**Wright Plea**", and together with the Paradis Plea, the "**Plea Agreements**") where, among other things, Wright also admitted to his criminal offenses of conspiracy, honest services fraud, and bribery. A true and correct copy of the Wright Plea is attached as **Exhibit E**.

12. In signing the Wright Plea, Wright had counsel and was advised of his constitutional rights. *See id.* at pp. 7, 14-15.

13. On December 6, 2021, the United States Attorney filed the Wright Plea with the United States District Court for the Central District of California in the criminal proceeding known as *United States v. David Wright*, Case No. 2:21-CR-00559-PA. *See id.*

14. On January 25, 2022, Wright attended a hearing in his criminal case where, with the advice of counsel, and having been sworn under oath subject to penalty of perjury, he pled guilty to federal program bribery, and he attested to the accuracy and truth of the factual statements in the Wright Plea. A true and correct copy of the hearing transcript is attached as **Exhibit F**, *see* at pp. 3-6, 9; *see* Answer ¶ 9 (admitted fact).

15. The Court also determined that the Wright Plea was knowing and voluntary, found Wright guilty, and incorporated the Wright Plea into the Court's record. *See* Exhibit F at p. 24.

16. On April 25, 2022, Wright was sentenced to a six-year prison term. A true and correct copy of the Judgment and Probation/Commitment Order is attached as **Exhibit G**.

B. **Paradis' Work for the City**

17. At all relevant times, Paradis was an attorney licensed in New York, and the sole owner and operator of Paradis Law Group, PLLC ("**PLG**"). *See* Paradis Plea, Attachment A Factual Basis ¶ 1; Answer ¶ 16 (admitted fact).

18. In or around December 2014, the City retained Paradis regarding a potential lawsuit against PricewaterhouseCoopers, LLP ("**PwC**") related to PwC's work for the City that resulted in defects in certain aspects of the LADWP billing system which caused, among other things, inaccurate untimely billing to LADWP customers. *See* Paradis Plea, Attachment A Factual Basis ¶¶ 1-2; Answer ¶ 15 (admitted fact).

19. On March 6, 2015, with Paradis as counsel, the City commenced litigation against PwC in the lawsuit known as *The City of Los Angeles v.*

*PricewaterhouseCoopers, LLP*, Los Angeles Superior Court Case No. BC574690 ("**PwC Action**"). *See* Paradis Plea, Attachment A Factual Basis ¶ 13; Answer ¶ 16 (admitted fact).

20. The LADWP billing deficiencies resulted in ratepayers filing multiple class action lawsuits against the City alleging, *inter alia*, that they had been overbilled for utility services. *See* Paradis Plea, Attachment A Factual Basis ¶ 1; Answer ¶ 17 (admitted fact).

21. One of those lawsuits, filed in April 2015, was known as *Antwon Jones v. The City of Los Angeles*, Los Angeles Superior Court Case No. BC577267 (the "**Jones Action**"). *See* Paradis Plea, Attachment A Factual Basis ¶ 19; Answer ¶ 17 (admitted fact).

22. The Jones Action settled in or about August 2015. *See* Paradis Plea, Attachment A Factual Basis ¶ 24; Answer ¶ 18 (admitted fact).

23. Per the settlement agreement in the Jones Action ("**Jones Settlement Agreement**"), the City willingly agreed, among other terms, to correct system defects within 18 months and to the appointment of a billing system monitor ("**Independent Monitor**"). *See* Paradis Plea, Attachment A Factual Basis ¶ 38; *see also* Answer ¶¶ 18, 20 (admitted fact).

24. On or about October 19, 2015, the City, through the LADWP Board of Water and Power Commissioners ("**Board**"), approved a one-year contract with PLG ("**PLG Management Contract**"), pursuant to which PLG would be paid up to $1.3 million to provide certain "project management services" relating to LADWP's billing system remediation. *See* Paradis Plea, Attachment A Factual Basis ¶ 36.

25. On or about May 23, 2016, the Board extended the PLG Management Contract for another year and awarded PLG an additional $4,725,675. *Id.* ¶ 37.

{00395910 4}  -5-
Case 2:21-ap-00171-PS    Doc 150    Filed 04/06/23    Entered 04/06/23 14:53:30    Desc
Main Document    Page 5 of 16

26.     Through his work as counsel for the City, which involved investigating, filing, and litigating the PwC Action, Paradis developed specialized knowledge regarding LADWP's billing system. *Id.* ¶ 35; Answer ¶ 23 (admitted fact).

27.     As part of the Independent Monitor's duties, the Court in the Jones Action required the Independent Monitor to file periodic reports with the Court describing, among other things, LADWP's progress with its remediation efforts and the benchmarks contained in the Jones Settlement Agreement. *See* Paradis Plea, Attachment A Factual Basis ¶ 40; Answer ¶ 24 (admitted fact).

28.     Unbeknownst to the Board, Paradis drafted nearly all of the Independent Monitor's reports to the Court. *See* Paradis Plea, Attachment A Factual Basis ¶ 40.

### C.     **Paradis' Bribery of Wright to Secure the Aventador Contract**

29.     In or around early 2017, Paradis formed Aventador to secure a lucrative no-bid contract with LADWP that would include, among other things, remediation services as well as cyber related services. *Id.* ¶¶ 43-44; Wright Plea, Attachment A Factual Basis ¶¶ 4-5.

30.     In February 2017, Paradis and Wright, then the General Manager of LADWP, began their scheme where Wright, as the proverbial point man, would work to ensure that the LADWP Board awarded a contract to Aventador. *See* Paradis Plea, Attachment A Factual Basis ¶ 44; Wright Plea, Attachment A Factual Basis ¶¶ 4-5.

31.     In exchange, Paradis would provide Wright with significant benefits, including: (1) the title of Chief Executive Officer of Aventador upon Wright's retirement from LADWP; (2) an approximately $1,000,000 annual salary; (3) a new Mercedes SL 550 as Wright's company car; and (4) potentially, a signing bonus. *See* Paradis Plea, Attachment A Factual Basis ¶ 44; Wright Plea, Attachment A Factual Basis ¶ 5.

32.     In May 2017, Paradis and Wright drafted the Independent Monitor's report to the Court in the Jones Action to provide Wright with support for LADWP Board's

vote to award a $30,000,000 no-bid contract to Aventador. *See* Paradis Plea, Attachment A Factual Basis ¶¶ 46-47; Wright Plea, Attachment A Factual Basis ¶ 10.

### D. Paradis and Wright Work to Ensure the LADWP's Support for the Aventador Contract

33. In May and June 2017, Paradis and Wright worked together to position Aventador to secure the $30,000,000 no-bid contract with LADWP by, among other things: editing drafts of a letter that was ultimately sent to the LADWP Board summarizing the purpose and terms of the proposed Aventador contract and explaining why alternatives to awarding the contract on a no-bid basis were unsatisfactory, preparing and refining Wright's oral and written presentation to the LADWP Board touting the Aventador contract, strategizing to remove impediments to Aventador receiving the contract, omitting Paradis' ownership of Aventador from Wright's oral and written presentation, and Wright worked to convince LADWP Board members to vote in favor of the contract in favor of Aventador. *See* Paradis Plea, Attachment A Factual Basis ¶ 48; Wright Plea, Attachment A Factual Basis ¶¶ 13-18; Answer ¶ 29 (admitted fact).

34. On June 6, 2017, the LADWP Board met to consider approval of the Aventador Contract (defined below). *See* Paradis Plea, Attachment A Factual Basis ¶ 49; Wright Plea, Attachment A Factual Basis ¶ 20; *Board of Commissioners Meeting*, LADWP (June 6, 2017) http://ladwp.granicus.com/ViewPublisher.php?view_id=2&&_afrLoop=295120843836842 at 1:49:39-2:08:38 ("**Board Meeting Video**"). During his presentation to the LADWP Board immediately before the vote, Wright cited the Independent Monitor's report (that Paradis had drafted), told the LADWP Board that LADWP could not meet its obligations under the *Jones v. City* settlement agreement unless it contracted with Aventador, and conveyed a sense of urgency to approve the Aventador Contract. *Id.*;

{00395910 4} -7-
Case 2:21-ap-00171-PS    Doc 150    Filed 04/06/23    Entered 04/06/23 14:53:30    Desc
Main Document    Page 7 of 16

Answer ¶ 30 (admitted fact); Board Meeting Video. The LADWP Board made clear that they relied on Wright's presentation and that the Board had no choice but to proceed with the Aventador Contract. *See* Board Meeting Video.

35. Wright never disclosed to the LADWP Board, that he had solicited, and Paradis had agreed to give Wright, an annual salary of approximately $1,000,000, a luxury company Mercedes, and the title of Aventador's CEO once Wright retired from LADWP. *See* Paradis Plea, Attachment A Factual Basis ¶ 49; Wright Plea, Attachment A Factual Basis ¶ 20; Answer ¶ 31 (admitted fact).

36. Utilizing the Independent Monitor's report that Paradis prepared, the written materials that Wright and Paradis prepared, and Wright's presentation that Paradis prepared with Wright, in or about June 2017, the Board approved entering into the aforementioned sole-source agreement with Aventador awarding it a three-year $30 million contract ("**Aventador Contract**"). *See* Paradis Plea, Attachment A Factual Basis ¶¶ 49, 51; Wright Plea, Attachment A Factual Basis ¶¶ 20-21; *see also* Santilli Affidavit ¶ 5. A true and correct copy of the Aventador Contract is attached as Exhibit 1 to the Santilli Affidavit.

37. Wright was one of the individuals who signed the Aventador Contract on the City's behalf. *See* Santilli Affidavit, Exhibit 1 at pp. 1, 23 [pdf file p. 38].

38. During the remainder of 2017, throughout 2018, and into early 2019, Wright continued to collaborate with Paradis to build and market Aventador, and to seek additional lucrative business opportunities for Aventador. Wright Plea, Attachment A Factual Basis ¶ 23; Answer ¶ 34 (admitted fact).

   E.   **Termination of the Aventador Contract**

39. In March 2019, Paradis' legal representation of the City ended, and shortly thereafter, the Board voted to terminate the Aventador Contract. *See* Wright Plea, Attachment A Factual Basis ¶¶ 25-26; Answer ¶¶ 40-41, 43 (admitted fact).

40. Aventador, including when it was named Ardent, received at least the total amount of $24,479,100 in public funds under the Aventador Contract. *See* Santilli Affidavit ¶ 6, Exhibit 2.

## PARADIS' ADMISSION TO HIS CRIMES AGAINST THE CITY

41. As part of the Paradis Plea, Paradis admitted to the criminal acts that he conducted to obtain contracts from the City, including, in relevant part, as follows:

**A.  Fraud**

42. "Beginning in or around February of 2017, defendant PARADIS and [Wright], knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud LADWP ratepayers as to material matters, including by depriving LADWP ratepayers of their right to the honest services of [Wright] and LADWP Board Member." Paradis Plea, Attachment A Factual Basis ¶ 68; Answer ¶ 80 (admitted accuracy).

43. "Defendant PARADIS did so with the intent to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, to wit, by using [Wright]'s position as General Manager of LADWP to enrich both defendant PARADIS and [Wright] through the procurement of a $30,000,000 no-bid LADWP contract for a company in which [Wright] had a covert financial interest and defendant PARADIS had an overt financial interest, and through the concealment of material information . . . ." *Id.* ¶ 69; Answer ¶ 81 (admitted accuracy).

44. Specifically, Paradis concealed that, among other things, he had improperly assisted Wright with the following acts: preparing a letter to the Board that supported a vote in favor of the Aventador Contract, meeting and pressuring Board members to vote in favor of the Aventador Contract, and conducting a presentation to the Board asserting urgency and no viable alternatives to the Aventador Contract. *See* Paradis Plea, Attachment A Factual Basis ¶¶ 48-49; Wright Plea, Attachment A Factual

Basis ¶¶ 13-18, 20; *see also* Answer ¶ 83 (admitted accuracy).  Paradis also concealed that he had engaged in a bribery scheme with Wright to ensure the Aventador Contract was awarded to Aventador for his and Wright's personal financial benefit. *See* Paradis Plea, Attachment A Factual Basis ¶ 49; Wright Plea, Attachment A Factual Basis ¶ 20; Answer ¶ 83 (admitted accuracy).

**B.  Bribery**

45.  "Between on or about February 10, 2017, and on or about March 6, 2019, defendant PARADIS corruptly gave, offered, and agreed to give something of value to [Wright], intending to influence and reward him in connection with a business, transaction, and series of transactions of LADWP having a value of $5,000 or more. Specifically, defendant PARADIS gave, offered and agreed to give financial benefits to [Wright], including a future financial interest in Aventador, the promise of a future job as the CEO of Aventador with an annual salary of approximately $1,000,000, and related perquisites, meals, travel, and event tickets, intending to influence and reward [Wright] in connection with a $30,000,000 no-bid LADWP contract award to Aventador, including in: (1) generating and submitting a Board Letter intended to support a vote by the LADWP Board in favor of Aventador's contract; (2) meeting and conferring with individual LADWP Board members to advocate on behalf of the Aventador contract and solicit the Board members' votes; (3) preparing and delivering a presentation to the LADWP Board asserting that there were no viable alternatives to the Aventador contract, that the need for Aventador's services was dire and immediate, and urging the Board to vote in favor of the contract; (4) exerting pressure on LADWP Board members and other LADWP City officials and employees to influence the approval process of the Aventador contract." Paradis Plea, Attachment A Factual Basis ¶ 70.

## WRIGHT'S ADMISSION TO HIS CRIMES AGAINST THE CITY

46. On June 6, 2019, Wright was voluntarily interviewed by the FBI and the United States Attorney's Office. During that interview, Wright falsely stated that he did not have any financial or business interest, including a future financial or business interest, in Aventador, any successor or affiliate company, or any company with which Paradis was associated. Wright knew that these statements were untrue and that his conduct was unlawful. *See* Wright Plea, Attachment A Factual Basis ¶ 33.

47. As part of the Wright Plea, Wright admitted to the criminal acts that he conducted to obtain contracts from the City, including, in relevant part, as follows:

### A. Honest Services Fraud

48. "Between on or about February 10, 2017, and on or about June 6, 2019, defendant WRIGHT knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud LADWP and its ratepayers as to material matters, including by depriving LADWP and its ratepayers of their right to the honest services of defendant WRIGHT, who, as the General Manager of LADWP, owed a fiduciary duty to LADWP and its ratepayers." *Id.* ¶ 35.

49. "Defendant WRIGHT did so with the intent to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, to wit, by using his position as General Manager of LADWP to enrich both defendant WRIGHT and Paradis through the procurement of a $30,000,000 no-bid LADWP contract for Aventador, a company in which defendant WRIGHT had a covert financial interest and Paradis had an overt financial interest, and through the concealment of material information. Defendant WRIGHT and Paradis carried out this scheme, in part, by using and causing others to use wire communications in interstate commerce, including the following items:

  a. On May 4, 2017, Paradis sent via email a draft of the independent monitor's report, which included a section designed to support the Aventador contract, to the independent monitor, blind copying defendant WRIGHT on the email.

  b. On May 25, 2017, defendant WRIGHT sent an email to Paradis with a draft of the Aventador Board Letter designed to persuade the LADWP Board to vote in favor of the Aventador contract.

  c. On June 7, 2018, defendant WRIGHT sent an email to Paradis with a draft presentation to the LADWP Board touting Aventador's cybersecurity capabilities." *Id.* ¶ 36.

### B. Federal Program Bribery

50. "Between on or about February 10, 2017, and on or about June 6, 2019, defendant WRIGHT, an agent of LADWP, corruptly solicited and demanded for his own benefit something of value from Paradis, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of LADWP having a value of $5,000 or more. Specifically, defendant WRIGHT corruptly solicited and demanded financial benefits, including a future financial interest in Aventador, the promise of a post-retirement job as the CEO of Aventador with an annual salary of approximately $1,000,000, and related perquisites, meals, travel, and event tickets. Intending to be influenced and rewarded in connection with a $30,000,000 no-bid LADWP contract award to Aventador, defendant WRIGHT engaged in the following official acts: (1) generating and submitting a Board Letter intended to persuade the LADWP Board to vote in favor of Aventador's contract; (2) meeting and conferring with individual LADWP Board members to advocate on behalf of the Aventador contract and to solicit the Board members' votes; (3) preparing and delivering a presentation to the LADWP Board asserting that there were no viable alternatives to the Aventador contract, that the need for Aventador's services was dire and immediate, and urging the Board to vote in favor of the contract; (4) exerting pressure on LADWP Board members and other LADWP City officials and employees to influence the approval process of the Aventador contract." *Id.* ¶ 37.

{00395910 4} -12-
Case 2:21-ap-00171-PS Doc 150 Filed 04/06/23 Entered 04/06/23 14:53:30 Desc
Main Document Page 12 of 16

51. In March 2019, Paradis' legal representation of the City ended, and shortly thereafter, the Board voted to terminate the Aventador Contract. *See id.* ¶¶ 25-26; Answer ¶¶ 41, 43 (admitted facts).

### C. The Court's Ruling in Favor of the City in the Ardent Case

52. Paradis has appeared in the Ardent Case through his counsel in this case. *See* Minute Entry for Hearing on February 2, 2021, Ardent Case ECF No. 134 (listing Paradis' appearance through counsel).

53. Upon their filing, the City provided Paradis, through counsel, with the City's Motion for Summary Judgment [Ardent Case ECF No. 234] ("**Ardent MSJ**") and related filings and orders in the Ardent Case. *See* Affidavits of Service, Ardent Case ECF Nos. 238, 287, 298, and 305.

54. Paradis submitted two sworn declarations in support of Bankruptcy Trustee Haley's Opposition to the Ardent MSJ [Ardent Case ECF No. 279]. *See* Paradis Declaration, Ardent Case ECF Nos. 282-83.

55. At a hearing in the Ardent Case on February 3, 2023, this Court delivered its ruling on the record thereby granting partial summary judgment in favor of the City ("**Ruling**"). A true and correct copy of the Ruling hearing transcript is attached as **Exhibit H** ("**Ruling Transcript**").

56. The Court subsequently entered the *Order Partially Granting Motion for Summary Judgment* in the Ardent Case on February 10, 2023, finding that the Aventador Contract violates California Government Code section 1090 ("**Section 1090**") and is void. Ardent Case ECF No. 296.

57. In the Ruling, the Court made clear that "a contract void pursuant to Section 1090 entitles the Government [to] recover any consideration which it paid without restoring the benefits received under the contract" and "a person who violates Section 1090, regardless of whether the violation is intentional, forfeits any rights or

interests flowing from the contract." Ruling Transcript at p. 18 (citations omitted). And, the disgorgement remedy for a violation of Section 1090 is automatic. *Id.* at p. 19 citing *Thomson v. Call*, 38 Cal. 3d 633, 647 (1985); *Cty. of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 550 (2007); *Carson Redevelopment Agency v. Padilla*, 140 Cal. App. 4th 1323, 1331 (2006).

58. On February 23, 2023, the Court entered an order granting the Ardent MSJ in its entirety and determining that the City holds a claim in the total amount of $26,256,875 against Ardent related to, among other things, the full amount that the City paid to Ardent f.k.a. Aventador under the Aventador Contract in the amount of $24,479,100. Ardent Case ECF No. 303.

### D. Paradis' Alleged Affirmative Defenses in this Case

59. On January 6, 2023, Paradis filed a motion requesting that the United States substitute into this adversary proceeding based on Paradis' having worked as an informant. ECF No. 128. Paradis asserts that he began cooperating as an informant with the United States on April 5, 2019, and the United States should substitute into this adversary proceeding *only* as to the claims that the City is pursuing against Paradis related to how he obtained the Ardent Contract — not the Aventador Contract. *See* id. at pp. 1-2.

60. At a hearing on March 31, 2023, this Court struck Paradis' alleged affirmative defense nos. 1, 2, 3, and 9, thereby leaving Paradis' with his affirmative defense nos. 4, 5, 6, 7, and 8. *See* ECF Nos. 104, 143, and 144.

61. At the hearing on March 31, 2023, and as it has consistently throughout this proceeding, the Court made clear that this case is not about Paradis' allegations regarding the City and City officials concerning conduct pertinent to the Jones litigation, or its resolution, which supposedly occurred, if at all, long ago.

1    DATED: April 6, 2023.

2                                               **ALLEN, JONES & GILES, PLC**

3                                               /s/ MAJ #27311
                                                Michael A. Jones
4                                               1850 N. Central Ave. Suite 1150
                                                Phoenix, Arizona 85004
5                                               Attorneys for Plaintiff

6
                                                **LOS ANGELES CITY ATTORNEY'S**
7                                               **OFFICE**

8                                               /s/ Kathleen A. Kenealy (with permission
                                                Hydee Feldstein Soto
9                                               Kathleen A. Kenealy
                                                221 N. Figueroa Street, Suite 1000
10                                              Los Angeles, CA  90012
                                                Attorneys for Plaintiff
11
                                                **ELLIS GEORGE CIPOLLONE**
12                                              **O'BRIEN ANNAGUEY LLP**

13                                              /s/ Guy C. Nicholson (with permission)
                                                Guy C. Nicholson
14                                              2121 Avenue of the Stars, 30th Floor
                                                Los Angeles, California 90067
15                                              Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

1    **E-FILED** on April 6, 2023 with the U.S. Bankruptcy Court and copies served
2    via ECF notice on all parties that have appeared in the case.
3

     **COPY** e-mailed the same date to:
4

| | |
|---|---|
| Edward K. Bernatavicius | Alan A. Meda |
| United States Trustee | Burch & Cracchiolo PA |
| 230 N 1st Ave, Suite 204 | 1850 N. Central Ave., Suite 1700 |
| Phoenix, AZ 85003 | Phoenix, AZ 85004 |
| edward.k.bernatavicius@usdoj.gov | ameda@bcattorneys.com |
| *U.S. Trustee* | *Attorneys for Defendant Paul Paradis* |

Stuart B. Rodgers
Helen K. Santilli
LANE & NACH, P.C.
2001 E. Campbell Ave., #103
Phoenix, AZ 85016
stuart.rodgers@lane-nach.com
helen.santilli@lane-nach.com
*Attorney for Eric M. Haley, Chapter 7 Trustee, In re Ardent Cyber Solutions, LLC fka Aventador Utility Solutions, LLC*

/s/ Misty Vasquez