GARY M. RESTAINO
United States Attorney
District of Arizona
EMORY T. HURLEY
Assistant U.S. Attorney
Arizona State Bar No. 014812
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: emory.hurley@usdoj.gov
*Attorneys for Respondent*
*United States of America*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| City of Los Angeles,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Paul Oliva Paradis,<br><br>                    Defendant. | Chapter 7<br><br>Bankruptcy Case No. 2:20-bk-6724-PS<br><br>Adv. No. 2:21-ap-00171-PS<br><br>**MOTION TO DISMISS PETITION FOR CERTIFICATION UNDER THE WESTFALL ACT** |

Defendant's petition for certification under the Westfall Act should be dismissed because this Court is without jurisdiction to grant the petition. Only after the Attorney General has denied certification under the Westfall Act is that decision subject to review in district court and the Ninth Circuit. *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993).

This motion is more fully supported by the following memorandum.

MEMORANDUM OF POINTS AND AUTHORITIES

Defendant alleges that because he was a confidential informant for the FBI, he should be deemed a federal employee and the United States should be liable for any tortious conduct he committed while he was cooperating with the FBI. Doc. 128, p. 2,

ll. 6-11.  Defendant urges this Court to issue a certification under 28 U.S.C. § 2679(d)(3) that he be deemed a federal employee and the United States be substituted as the party defendant because the Attorney General has not yet acted on his request for certification. Doc. 128, p. 6, ll. 20-27.  Defendant's petition should be denied as this Court is without jurisdiction to issue a certification under 28 U.S.C. § 2679(3).

The Attorney General's denial of a scope of employment certification is reviewable by the district court and the Ninth Circuit.  *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993); *Kashin v. Kent*, 457 F.3d 1033, 1036 (9th Cir. 2006).  There is no legal authority for this Court to review a denial by the Attorney General or to issue its own certification.  Further, 28 U.S.C. § 2679(d)(3) only authorizes review in the event that the Attorney General *refuses* to certify scope of employment.  It appears Defendant has failed to properly request certification in the first place as he has not delivered "all process served upon him or an attested true copy thereof to his immediate superior" as required by 28 U.S.C. § 2679(c).

I.     PROCEDURAL HISTORY

On June 24, 2021, Plaintiff filed its complaint.  Doc. 1.   On June 29, 2021, the summons was issued.  Doc. 12.  On July 15, 2021, Plaintiff filed a notice of waiver of service signed by Defendant.  Doc. 13.  On March 28, 2022, Plaintiff filed its Amended Complaint.  Doc. 54.

According to Defendant, on October 4, 2022, his attorney wrote to the Assistant United States Attorney handling "the matter" and requested certification of scope of employment from the AUSA.  Doc. 155, p. 4, ll. 6-13.  Although Defendant does not name the AUSA to whom the request was made, it appears from context that it was the AUSA in the Central District of California handling Defendant's prosecution and attendant fraud investigation.

On January 6, 2023, Defendant filed Debtor's Petition for Certification Pursuant to 28 U.S.C. § 2679(d)(3) of the Westfall Act and Motion to Substitute the United States as a Party with Respect to Certain Claims.  Doc. 128.  Sometime after filing his Petition,

- 2 -

Defendant sent a copy of the Petition and the Amended Adversary Complaint (Doc. 54) to the FBI. There is no indication Defendant delivered a copy of the original Complaint (Doc. 1) or the summons to the FBI or any United States Attorney's Office.

## II. LAW AND ARGUMENT

Jurisdiction regarding claims against the United States is predicated on the Government's consent to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). As the sovereign, the Government is categorically immune from any suit unless it unequivocally consents. *Library of Congress v. Shaw*, 478 U.S. 310, 315 (1986). This is because the terms of the Government's consent "define [a] court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Thus, for jurisdiction to be vested in this Court, the party bringing an action against the United States must establish an unequivocal waiver of sovereign immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Through the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.*, the United States has waived its sovereign immunity for injuries caused by the tortious acts or omissions of federal employees committed in the course and scope of their federal employment, making it liable to the same extent as a private person under the same circumstances. *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998); *Gonzalez v. United States*, 814 F.3d 1022, 1026 (9th Cir. 2016). "The FTCA's waiver of sovereign immunity is strictly construed in favor of the sovereign, and we may not enlarge its waiver beyond what the statute requires." *Craft*, 157 F.3d at 707.

The Westfall Act, otherwise known as the Federal Employees Liability Reform and Tort Compensation Act, Pub. L. No. 100–694, 102 Stat. 4563 (1988), codified at 28 U.S.C. § 2679(d) modified the FTCA and "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their

official duties." *Saleh v. Bush*, 848 F.3d 880, 888 (9th Cir. 2017), quoting *Osborn v. Haley*, 549 U.S. 225, 229 (2007).

When a federal employee is named in a cause of action for a tort, 28 U.S.C. § 2679(d), authorizes the Attorney General to certify that the defendant employee was acting within the scope of their employment at the time of the incident giving rise to the claim.[1] Pursuant to 28 U.S.C. § 2679(d)(1), upon certification by the Attorney General, any cause of action *commenced in United States district court* is deemed an action against the United States and the United States is substituted as the party defendant. Pursuant to 28 U.S.C. § 2679(d)(2), upon certification by the Attorney General, an action *commenced in state court* must be removed to the district court, deemed an action against the United States, and the United States substituted as the party defendant.

Pursuant to 28 U.S.C. § 2679(d)(3), if the Attorney General has refused to certify scope of employment, the federal employee may petition *the district court* to certify that the employee was acting in the scope of employment. *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir. 1991) ("We adopt the rule that district courts may review the Attorney General's scope determinations"); *see also Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (Attorney General decision regarding scope of employment subject to review in district court); *Kashin v. Kent*, 457 F.3d 1033, 1036 (9th Cir. 2006)(same); *Richman v. Straley*, 48 F. 3d 1139, 1145 (10th Cir. 1995).

The party seeking review of the Attorney General's decision bears the burden of disproving the decision by a preponderance of the evidence. *Kashin*, 457 F.3d at 1036; *Green*, 8 F.3d at 698 (same).

Upon certification under 28 U.S.C. § 2679(d)(1), (2), or (3), the cause of action "shall proceed in the same manner as any action against the United States filed pursuant to [the FTCA] and shall be subject to the limitations and exceptions applicable to those

---

[1] In the District of Arizona, this authority has been delegated to the Civil Chief of the United States Attorney's Office. See Ex. A.

actions." 28 U.S.C. § 2679(d)(4). Certification by the Attorney General or district court leaves a plaintiff no way to recover other than the FTCA. *Green*, 8 F.3d at 698.

In the Ninth Circuit, it is the district court with the authority to review the Attorney General's refusal to certify scope of employment. There is no legal authority for Defendant's claim that this Court may review the Attorney General's decision and issue certification pursuant to 28 U.S.C. § 2679(d)(3). By the very terms of the statute, certification under § 2679(d)(1) is limited to actions commencing in district court and certification under § 2679(d)(2) is limited to actions commencing in state court. Neither section mentions cases commencing in bankruptcy court.

There is no authority in the FTCA to support Defendant's argument that he is entitled to certification because the Attorney General has not yet acted upon his request for certification. Doc. 128, p. 6, ll. 20-27. Although the FTCA contains a provision in 28 U.S.C. § 2675(a) that allows a plaintiff to deem an administrative claim denied if there has been no final action six months after filing, there is no such provision for review of an Attorney General's refusal to certify scope. Defendant cannot deem the request refused based on the passage of time. Such a reading would be an enlargement of the waiver "beyond what the statute requires." *Craft*, 157 F.3d at 707.

The petition should be dismissed because no statute or case law grants this Court the authority to certify scope of employment under the Westfall Act or to review a decision of the Attorney General regarding the certification of scope of employment. Should this Court decide that it does have the authority to issue a certification of scope of employment, the United States respectfully requests the opportunity to respond to the merits of Defendant's allegations.

1

CONCLUSION

2    The FTCA must be strictly construed in favor of the United States.  There is no

3 authority contained in the FTCA or under Ninth Circuit case law authorizing this Court to

4 certify scope of employment under 28 U.S.C. § 2679(d)(3).  For these reasons the Court

5 should dismiss Defendant's petition.

6    Respectfully submitted this 8th day of May, 2023.

7

8                                        GARY M. RESTAINO
                                         United States Attorney
9                                        District of Arizona

10                                        *s/Emory T. Hurley*
                                         EMORY T. HURLEY
11                                        Assistant U.S. Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

# CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the CM/ECF registrants, including:

Michael A. Jones
Allen Barnes & Jones, PLC
1850 N. Central Ave., Suite 1150
Phoenix, AZ 85004

Alan A. Meda
1850 N. Central Ave, Suite 700
Phoenix AZ 85004

Hydee Feldstein Soto
Los Angeles City Attorney's Office
221 N Figueroa Street Suite 1000
Los Angeles, CA 90012

Kathleen A Kenealy
Los Angeles City Attorney's Office
221 N Figueroa Street
Suite 1000
Los Angeles, CA 90012

Guy Nicholson
Browne George Ross O'Brien Annaguey
2121 Avenue Of The Stars,
Suite 2800
Los Angeles, CA 90067

Helen K. Santilli
Lane & Nach, P.C.
2001 East Campbell, Suite 103
Phoenix, AZ 85016

*s/Emory Hurley*
U.S. Attorney's Office