Alan A. Meda (#009213)
BURCH & CRACCHIOLO, P.A.
1850 N. Central Ave., Suite 1700
Phoenix, AZ 85004
Tel: 602.274.7611
ameda@bcattorneys.com

*Attorneys for Debtor/Defendant*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>PAUL OLIVA PARADIS,<br><br>Debtor. | Chapter 7<br><br>Case No.: 2:20-bk-06724-PS |
| CITY OF LOS ANGELES,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL OLIVA PARADIS,<br><br>Defendant. | Adv. No.: 2:21-ap-00171-PS<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS PETITION FOR CERTIFICATION UNDER THE WESTFALL ACT** |

Defendant Paul Oliva Paradis ("Paradis" or "Defendant") hereby respectfully files his *Opposition to the Government's Motion to Dismiss Petition For Certification Under the Westfall Act* ("Motion To Dismiss"), and in support thereof, states as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   STATEMENT OF FACTS**

On March 28, 2022, the City of Los Angeles (the "City") filed an amended adversary complaint (the "Amended Adversary Complaint") against Paradis.

The City's Amended Adversary Complaint alleges, among other things, that Paradis defrauded the City into awarding a contract for cyber security services to Ardent Cyber Solutions, LLC on April 23, 2019, because Paradis engaged in the acts and actions identified in ¶¶ 51-78 of the Amended Adversary Complaint.

The acts undertaken by Paradis that are alleged in ¶¶ 51-78 of the City's Amended Adversary Complaint were, however, undertaken by Paradis while he was functioning as an agent of the United States government in his capacity as a covert undercover FBI cooperator, acting at the direction and under the supervision of the FBI. During his fifteen (15) month tenure as an undercover operative for the FBI, Paradis conducted more than one hundred and eighty (180) undercover operations at the direction and under the supervision of the FBI.

The fact that the acts alleged in ¶¶ 51-78 of the City's Amended Adversary Complaint were undertaken by Paradis acting at the direction of the FBI was admitted to by the United States on December 13, 2021 in ¶ 12 of the criminal *Information* filed by the United States in the matter captioned, *United States v. David F. Alexander*, Case No. 2:21-CR-00572-FMO in the United States District Court for the Central District of California (the "Alexander Information"), in which the United States admits in relevant part,

> On April 5, 2019, defendant ALEXANDER met with Paradis at a restaurant in Los Angeles. ***During this meeting and in all subsequent interactions with defendant ALEXANDER referenced herein, Paradis was acting at the direction of the FBI***.

Alexander Information at ¶ 12.

For this reason, if there is any liability to the City arising from the acts alleged in ¶¶ 51-78 of the City's Amended Adversary Complaint, it is the United States – and not Paradis – who is liable to answer to the City for these acts.

On October 4, 2022, Paradis, acting by and through his counsel, wrote to the primary Assistant United States Attorney handling the matter (the "AUSA") and requested that the Department of Justice ("DOJ") certify that the acts detailed in the Alexander Information, that are also alleged to have been undertaken by Paradis in ¶¶ 51-78 of the City's Amended Adversary Complaint, were undertaken by Paradis while acting in his capacity as an FBI cooperator at the direction and under the supervision of the FBI in order to provide Paradis with the protections against civil liability afforded FBI cooperators pursuant to the Westfall Act, 28 U.S.C. § 2679.

***After not having received any response from the United States for a period of nearly two months***, Paradis' counsel again wrote to the AUSA to follow up on Paradis' request that the DOJ issue the requested Westfall Certification on November 29, 2022.

Later that afternoon, the AUSA responded via email and stated in relevant part, "Thanks for the reminder . . . We are mindful of the timing and will get back to you asap."

On December 1, 2022, the AUSA emailed Paradis' counsel and stated in relevant part,

> I took a look at the example certifications you sent…. It seems to me that a simple declaration from the USAO stating that Paradis was acting at the direction of the USAO at the time of the conduct described in Alexander's plea/factual basis would suffice. Do you agree?

On December 2, 2022, Paradis' counsel responded to the AUSA via a lengthy email which stated in relevant part,

> We certainly appreciate the offer of the declaration, but we believe a Westfall certification is the proper legal document for the situation here. Hopefully the attached authority will help demonstrate that . . . .
>
> We believe the attached authority makes clear that a Westfall certification is proper where an undercover operative, such as Paradis, was working at the direction of the DOJ/FBI, and is subsequently accused of wrongdoing based on those actions. As you correctly note, the Westfall Act, 28 U.S.C. §§ 2671, 2674, 2679, immunizes federal agents from actions taken during the scope of their employment. Importantly, courts have routinely held that the Westfall Act also applies to undercover cooperators such as Paradis, who were working at the direction and under the authority of the government.
>
> \* \* \*
>
> The Westfall certification is important because it helps shield undercover operatives, such as Paradis, from liability for actions taken under the authority/direction of the government, which serves important federal interest of having cooperators participate in investigations. . . .
>
> \* \* \*
>
> We respectfully request that the government provide a certification under the Westfall Act (a Westfall certification).

On December 5, 2022, the AUSA responded via email and stated in relevant part, "[T]hank you for the helpful analysis below and the attached cases. *I will review the authority and put together a certification for execution*. (Emphasis added).

The AUSA's statement that he would "*put together a certification for execution*" is critical because it is a recognition by the United States that the acts undertaken by Paradis that are alleged in ¶¶ 51-78 of the City's Amended Adversary Complaint were undertaken by Paradis while acting in his capacity as an FBI cooperator at the direction and under the supervision of the FBI.

On December 7, 2022, however, the United States then appeared to alter its position and stated in relevant part,

> I am looking further at this issue (including the cases you sent), and *I have concerns that the certification you are seeking under 29 (sic) U.S.C. § 2679 will have the ultimate result of replacing Mr. Paradis with <u>the government</u> as a defendant/litigant in the City's bankruptcy adversarial action against Mr. Paradis* . . . [this] will of course require consultation and authorization from our supervisory chain/Civil/Appeals, etc.

Do you have time to jump on a call tomorrow . . . .

(Underline in original. Bold and Italics added).

Following the United States' December 7, 2022, reversal in position, the United States has engaged in numerous tactical delays concerning Paradis' October 4, 2022, request that the United States issue a Westfall Certification[1] and the United States failed to make a final disposition concerning Paradis' request for the issuance of a Westfall Certification within the six (6) month period referenced in 28 U.S.C. § 2675(a).

Because the United States failed to make a final disposition concerning Paradis' October 4, 2022, request for the issuance of a Westfall Certification by April 2023, Paradis is

---

[1] Paradis has previously detailed for this Court the manner in which the United States has repeatedly delayed in responding to Paradis' October 4, 2022, request. Accordingly, the discussion of the Government's history of tactical delays is not repeated here.

statutorily entitled to deem the United States' failure to make any final disposition concerning Paradis' Westfall Certification request as a "final denial" pursuant to 28 U.S.C. § 2675(a) and Paradis is therefore entitled to seek relief from this Court as he has done.

Following the inexplicable transfer of Paradis' request from the USAO for the Central District of California, (which is the District in which the FBI Agents who supervised and directed *all* of Paradis' undercover operations, including those acts and actions identified in ¶¶ 51-78 of the City's Amended Adversary Complaint, are headquartered and the District in which the vast majority of Paradis' undercover operations were conducted), to the USAO for the District of Arizona, the USAO in Phoenix sought and obtained a total of ninety (90) days of additional time to respond to Paradis' October 4, 2022 request.

The first such request was made by the USAO Phoenix on February 2, 2023, and granted by this Court on February 8, 2023. The second such request was made on April 6, 2023.

In the United States' second extension request of April 6, 2023, the USAO in Phoenix represented to this Court,

> ***Undersigned counsel has requested information about Defendant's interaction with federal law enforcement from the Criminal Division of the U.S. Attorney's Office for the Central District of California*** and is awaiting some follow-up information. ***Undersigned counsel respectfully requests a further 30-day extension to obtain and review information needed to respond to Plaintiff's petition***. This request is made in good faith, not for the purposes of unnecessary delay, and no party is prejudiced by this request.

See Dkt. #142 at 2:8-13. (Emphasis added).

On May 8, 2023, the United States filed its *Motion To Dismiss*. Even a cursory review of the United States' Motion To Dismiss demonstrates that the United States has failed to act in good faith and procured 90 days of extension by falsely informing the Court that the additional time was needed for the USAO Phoenix to obtain and review information concerning "Defendant's interaction with federal law enforcement from the Criminal Division of the U.S. Attorney's Office for the Central District of California."

As the *Motion To Dismiss* makes clear, however, the Government's Motion asserts purely legal arguments and does not make any reference to any facts concerning Defendant's interaction with federal law enforcement whatsoever.

On May 18, 2023, Paradis' counsel wrote to the United States, explained why the arguments asserted by the United States were without merit and requested the opportunity to meet and confer with the Government. *See* Exhibit A attached hereto. To date, the Government has not responded to this request to meet and confer.

Because the Government has failed to demonstrate that it is entitled to the relief sought by the United States and Paradis has been – and continues to be – greatly prejudiced by the City's assertion of false claims against Paradis, as well as the Government's failure to issue the requested Westfall Certification, Paradis respectfully requests that the United States' *Motion To Dismiss* be denied in its entirety and that the Court promptly schedule and conduct a hearing to determine Paradis' entitlement to the requested Westfall Certification.

## II. ARGUMENT

### A. The United States Bankruptcy Court Is a "Unit" of the United States District Court for the District of Arizona and Has Jurisdiction to Issue the Westfall Certification

Pursuant to 28 U.S.C. § 151, the United States Bankruptcy Court for the District of Arizona is established as a "unit" of the United States District Court for the District of Arizona. As such, this Bankruptcy Court "may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court."

*See* 28 U.S.C. § 151. In addition, in Arizona the District Court has specifically ordered and referred such matters to the Bankruptcy Court. *See* General Order 01-15 (dated, Jun 29, 2001).

For this reason, this Bankruptcy Court has the jurisdiction to issue a Westfall Certification in this bankruptcy proceeding and the Government's wholly unsupported contention that, "***[t]he petition should be dismissed because no statute or case law grants***

***this Court the authority to certify scope of employment under the Westfall Act or to review a decision of the Attorney General regarding the certification of scope of employment***," is incorrect as a matter of law. *See* Govt. Brf. at 5:18-20; 28 U.S.C. § 151.

### B. Defendant Has Properly Effectuated Service As Required By Statute

Contrary to the Government's assertion, the Defendant has complied with the statutory requirements for service. The Certificate of Service previously filed in this Bankruptcy Court evidences that proper service was made. Any claim to the contrary is demonstrably incorrect and unsupported by the record in this case. As the Government is aware and as is confirmed by the Proof of Service at issue here, Defendant and his counsel fully complied with *Touhy* and served all of the following entities, which is more than was necessary:

    a. The United States Attorney's Office / U.S. Attorney for the District of Arizona;

    b. The Attorney General of the United States in Washington, D.C.;

    c. The FBI in Los Angeles;

    d. FBI Headquarters in Washington, D.C.;

    e. The United States Attorney's Office / U.S. Attorney for the Central District of California;

### C. The Government Has Acknowledged That Paradis' Petition Is Not Premature

The Government has acknowledged that Paradis' Petition for a Westfall Certification is not premature. While the Government contends that the Petition is premature because the Government has not yet "refused to certify scope of employment," the Government has recognized the lack of validity of its own argument because the Government's own Motion concedes that, pursuant to 28 U.S.C. § 2675, if the Government fails to grant or deny a request within six (6) months, the claimant, here Mr. Paradis, may deem it denied. *See* 28 U.S.C. § 2675. ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of this section.").

Here, Paradis' request for the issuance of a Westfall Petition was made October 4, 2022. Because the Government failed to act on Paradis request within the statutory 6 month period provided for by 28 U.S.C. § 2675, Paradis is statutorily entitled to "deem" his request "denied."

Inexplicably, the Government argues that 28 U.S.C. § 2675 does not apply to Paradis' request, but has failed to provide any support for the Government's position, whatsoever. When asked to provide any support relied on by the Government to support this argument in Paradis' counsel's letter of May 18, 2023, the Government failed to respond, let alone provide the requested support. Such conduct is not in good faith on the part of the Government.

### D. The Government Sought and Obtained Two Extensions Totaling 90 Days Based On Misleading Statements To the Court

In the Government's briefs requesting extensions to respond to the Petition, the Government represented to the Court that it needed additional time because, *inter alia*, the Government had to obtain "the relevant record of Defendant's interactions with federal law enforcement . . . from the Criminal Division of the U.S. Attorney's Office for the Central District of California. Contrary to this representation, however, the Government 's Motion makes clear that the Government did not need any documents or records from federal law enforcement in the C.D. California and it clear from the face of the Government's Motion to Dismiss, which is based purely on legal grounds, that the reasons twice presented to the Court for the Government requiring the prior extensions were untrue.

### E. The Government's Refusal To Respond To Paradis' Meet and Confer Request Is Not In Good Faith

On May 18, 2023, Paradis' counsel wrote to the United States and requested the opportunity to meet and confer concerning the United States' Motion To Dismiss. *See* <u>Exhibit A</u> hereto. Counsel's request to meet and confer also stated the reasons why Paradis' counsel believes the arguments advanced by the Government in its Motion are with merit and lacking in good faith and requested that the Government provide the support relied on by the Government in advancing these arguments.

To date, the Government has failed to respond to the request to meet and confer and has not provided any support whatsoever.

### III. CONCLUSION

The Government's behavior in this matter has shown a clear and pervasive pattern of bad faith. Despite having all the necessary information to respond to Defendant's request for Westfall Certification as early as October 2022 and despite having admitted that "***there is no dispute that Mr. Paradis acted at the direction of the FBI during certain events described in the Alexander Information***," the Government continues its obstructionist behavior and has wrongfully denied Defendant the Westfall Petition that the Government itself, acknowledged Paradis is entitled to on December 5, 2022.

Given the jurisdiction of this Court, the Defendant's compliance with service requirements, and the Government's bad faith actions, the Government's Motion to Dismiss should be denied. Accordingly, Defendant respectfully requests that this Court issue an order denying the Government's Motion to Dismiss in its entirety and promptly scheduling a hearing to determine Paradis' entitlement to the requested Westfall Certification.

DATED this 2nd day of June 2023.

BURCH & CRACCHIOLO, P.A.

By /s/ Alan A. Meda (#009213)
Alan A. Meda
*Attorney for Debtor/Defendant*

Served via ECF on CM/ECF
users this 2nd day of June 2023,
which constitutes service pursuant
to L.R. Bankr. P. 9076-1:

 /s/ Tracy Dunham
Tracy Dunham

# Exhibit A



Alan A. Meda
Direct Line: 602.234.8797
Direct Fax: 602.850.9797
ameda@bcattorneys.com

May 18, 2023

VIA EMAIL

Emory T. Hurley
Assistant U.S. Attorney
OFFICE OF THE U.S. ATTORNEY
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, AZ 85004
emory.hurley@usdoj.gov

Re:    *City of Los Angeles adv. Paul Paradis*
       USBC Case No.: 2:20-bk-06724-PS
       USBC Adv. Case No.: 2:21-ap-00171-PS

Dear Emory:

We are in receipt of your "Motion to Dismiss Petition for Certification Under the Westfall Act" (Dkt. 170), which was filed on the night of May 8, 2023. The filing is styled as a new motion, although it does not have a proposed order. The Government's opposition to Mr. Paradis' petition was technically due April 7, 2023, and at the very latest by your requested extension date of May 8, 2023. Accordingly, your time to oppose the petition has passed. Given that your motion was filed on the date your opposition was due, we assume that it is not a separate motion but rather the opposition under a different title. We don't see a need for two different motions/petitions on two different briefing schedules.

More importantly, we wanted to request a telephonic meet and confer as soon as possible, preferably before the close of business on May 19, 2023, as we believe your motion/opposition is without merit, lacks authority, and unfortunately, distorts the record. We would like to avoid further motion practice and want to better understand your position and any authority you have for it on the following topics:

- <u>Authority for Jurisdictional Argument that the Bankruptcy Court is not a unit of the District Court.</u> Any authority you have for your argument, which contains no citation, that this Court has no authority/is without jurisdiction to rule on a Westfall Petition, despite your concession that district courts do have such authority. As you know, and has been well established for decades, bankruptcy courts are units of the District Court. *See* 28 USC § 157. And in Arizona the District Court has specifically ordered and referred such matters to the Bankruptcy Court. *See* General Order 01-

Burch & Cracchiolo, P.A.
1850 N. Central Avenue, Suite 1700 • Phoenix, AZ 85004
Main: 602.274.7611 • Fax: 602.234.0341

BCATTORNEYS.COM

Case 2:21-ap-00171-PS   Doc 179   Filed 06/02/23   Entered 06/02/23 09:01:02   Desc
Main Document   Page 11 of 14

15 (dated, Jun 29, 2001). Under your interpretation, government employees (including FBI agents) would not be afforded any Westfall Act protection if an action related to a Bankruptcy proceeding. That is obviously not the case.

- <u>Representations Regarding Service on United States Attorney and Attorney General</u>. Your representations to the Court that the operative complaint (the Amended Complaint), which is the only complaint that has paragraphs in it which we are seeking Westfall Certification on, was not properly served on the Government. You write "Sometime after filing his Petition, Defendant sent a copy of the Petition and the Amended Adversary Complaint (Dkt. 54) to the FBI." As you know and as our proof of service shows, we fully complied with *Touhy* and served all of the following entities, which is more than was necessary:

    o   The United States Attorney's Office/US Attorney for the District of Arizona.

    o   The Attorney General of the United States in Washington D.C.

    o   The FBI in Los Angeles

    o   The FBI Headquarters in Washington D.C.

    o   The United States Attorney's Office/US Attorney for the Central District of California.

Moreover, as you know, Mr. Paradis has been an unprecedented and extraordinary government cooperator for years. Some of this cooperation has been detailed in the publicly filed information's against David Wright (27 paragraphs re cooperation) and David Alexander (29 paragraphs). And, as detailed below, and as we believe you are aware, Mr. Paradis originally made his Westfall request to the AUSA handling his cooperation. Despite numerous and constant communications, the government never -not once- indicated in any way that our original notice was insufficient. This is not surprising given how closely Mr. Paradis and his counsel have worked with the government for years. Given the lengthy relationship and clear cooperation, we hope the government is not trying to skirt around its statutory obligations on an alleged technicality (which as noted is wrong).

- <u>Argument that the Motion is Pre-Mature</u>. You argue that even if the Court has jurisdiction (which it does, see above), the petition is pre-mature because the Government has not yet "refuse[d] to certify scope of employment."

    o   <u>Status</u>: Please immediately provide us with the status of Mr. Paradis' request which has been outstanding since October and has now been passed around from CD Cal.'s criminal division to its civil division, to Arizona and main justice. As you know, Mr. Paradis has been an active and on-going

- cooperator with the government, and it is simply inappropriate for the District of Arizona to simply refuse to act.

    o <u>Deemed Denied</u>. As your motion concedes, 28 USC 2675 provides that if the government fails to grant or deny a request within six months, the claimant, here Mr. Paradis may deem it denied. 28 USC 2675 ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."). You argue that this provision does not apply, but you fail to cite any authority.

        ▪ Your position is that the government can remove judicial review and force its agents to bear liability simply by refusing to act. Not only does this present a case of bad faith, but it violates the separation of powers. We would like to see any authority you have for the proposition that the government can remove an employee's statutory right and remove all judicial review of the government's action/inaction merely by refusing to act in perpetuity. Indeed, under your theory the government could intentionally decide not to act to force an employee to personally bear liability for the government's own act. Again, we think that would present a case of bad faith.

- <u>Rationale Given For Extensions</u>. In your briefs to the court requesting extensions to respond to the petition, you represented that you needed additional time because, inter alia, you had to obtain "the relevant record of Defendant's interactions with federal law enforcement … from the Criminal Division of the U.S. Attorney's Office for the Central District of California." But nothing in your filing needed any documents or records from CD Cal. (nor does it cite to any), and it seems that an extension on those grounds was not necessary.

- <u>Records in the Government's Possession.</u> Your assertion that "according to Defendant, on October 4, 2020, his attorney wrote to the Assistant United States Attorney handling 'the matter' and requested certification of scope of employment from the AUSA." You then note that the name of the AUSA was not provided but you could figure it out from "context." This entire line of argument and insinuating that the statement in the petition is untrue or disputed, is puzzling. As you noted in your extension request, you were seeking documents for CD Cal. More importantly, the government has in its possession all emails between Mr. Paradis' counsel and the government as there is only one government. But even if there was a line between AZ and C.D. Cal., on January 17, 2023, the USAO for CD Cal. sent the USAO for AZ the complete email chain in which the request was made, and the government's initial responses including the government's statement that it would "**put together a [Westfall] certification for execution,**" and "**there is no dispute**

    **that Mr. Paradis acted at the direction of the FBI during certain events described in the Alexander Information**."

Given that the government has already admitted that "**there is no dispute that Mr. Paradis acted at the direction of the FBI during certain events described in the Alexander Information**," we do not see how the government can continue to deny Mr. Paradis' his statutory and constitutional rights. Accordingly, in addition to the above, we would like to discuss the merits of the request (including the status) now that you have had the requested time to get up to speed and collect information from C.D. Cal.

Very truly yours,

Alan A. Meda

AAM:td