SIGNED.

Dated: February 20, 2024

Paul Sala, Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 7 Proceeding |
|---|---|
| PAUL OLIVA PARADIS,<br><br>Debtor. | Case No. 2:20-bk-06724-PS |
| CITY OF LOS ANGELES,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL OLIVA PARADIS,<br><br>Defendant. | Adversary No. 2:21-ap-00171-PS<br><br>**ORDER CLARIFYING SCOPE OF DISCOVERY ON LOS ANGELES DEPARTMENT OF WATER AND POWER BOARD MEMBERS** |

This Court previously issued its **ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE, IN PART** ("Rule 56(d) Order"). The Rule 56(d) Order authorized Mr. Paradis to take discovery on the Los Angeles Department of Water and Power ("LADWP"), and certain of its board members. After an informal discovery conference, the parties have requested that the Court clarify the scope of the discovery authorized by the Rule 56(d) Order.

In the Rule 56(d) Order, the Court authorized limited discovery on LADWP's board members existing at the time the board approved LADWP's contract with Aventador Utilities

Solutions, LLC in June of 2017 ("Aventador Contract"). The Rule 56(d) Order limits discovery to (i) the information or documents provided to the board members relating to the Aventador Contract prior to their vote and (ii) questions (interrogatory or deposition) regarding that which an individual member relied in casting his or her vote in favor of approving the Avendador Contract.

The Court's ruling was designed to substantially limit the discovery that would be propounded upon LADWP and on the applicable board members. This limitation recognizes Mr. Paradis's need to obtain discovery on a matter relevant to this dispute – the board members' reliance – while maintaining a scope of discovery proportional to the needs of this case. See Rule 26(b)(1) of the Federal Rules of Civil Procedure, made applicable to this matter by Bankruptcy Rule 7026.

After the Court issued the Rule 56(d) Order and prior to the informal discovery conference, Mr. Paradis served Debtor's Request for Production of Discovery Responses and Documents to Oppose the LADWP's Motion for Partial Summary Judgment ("Discovery Requests"). The Discovery Requests consist of 42 pages of requests for admission, interrogatories, and requests for production from LADWP and the board members. The Discovery Requests are broken into four sections. Section I seeks discovery of the information regarding any statements made by Mr. Paradis upon which the individual board members relied in voting to approve the Aventador Contract. Section II seeks discovery (largely requests for admission) regarding actions related to information known to board members prior to the vote on the Aventador Contract. Section II also contains three requests for admission (numbers 34, 35 and 37), and related interrogatories and requests for production, relating to LADWP's cyber security issues predating 2017. Section III seeks discovery to identify the specific alleged statements that Mr. Paradis made and on which LADWP and the board members relied. With the exception of two requests for admission (numbers 77 and 78) and related interrogatories regarding a March 28, 2017 audit of LADWP's training programs, Section IV seeks information relating to LADWP's cyber security issues long before and long after the 2017 awarding of the Aventador Contract.

Mr. Paradis's Section I requests are consistent with the Rule 56(d) Order. So too are his Section II requests except for request for admission numbers 34, 35 and 37, and the related interrogatories and requests for production related thereto – which relate to issues (LADWP's cyber security issues pre-dating 2017) that are not in dispute. While not specifically addressed in the Rule 56(d) Order, Mr. Paradis's Section III requests are appropriate to assist him in responding to LADWP's Motion for Summary Judgment. Finally, except for request for admission numbers 77 and 78 and interrogatory numbers 117 and 118, which relate to information predating the board members' vote on the Aventador Contract by just over two months, the Section IV requests, like request for admission numbers 34, 35 and 37, seek information that is not in dispute or germane to the board members' votes on the Aventador Contract.

Accordingly,

**IT IS ORDERED** clarifying the Rule 56(d) Order to authorize the following discovery contained in the Discovery Requests:

1. The Section I requests;
2. The Section II requests except for requests for admission numbers 34, 35 and 37 and the related interrogatories and requests for production thereto;
3. The Section III requests; and
4. None of the Section IV requests except for request for admission numbers 77 and 78 and interrogatory numbers 117 and 118.

**IT IS FURTHER ORDERED** that responses to the Discovery Requests shall be due no later than 30 days from the date of this order.

**DATED AND SIGNED ABOVE.**